# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 19 BK 22007 |
| DEANNA WILLIAMS, | Chapter 13 |
| Debtor. | Hon. Jack B. Schmetterer |

## MEMORANDUM OPINION ON MOTION TO VACATE
## ORDER CONFIRMING PLAN [DKT. NO. 34]

Creditor Corona Investments LLC ("Creditor") now moves to vacate the Order confirming Debtor Deanna Williams' ("Debtor") Chapter 13 Plan (the "Confirmation Order") [Dkt. No. 29]. For reasons articulated below, Creditor's Motion to Vacate will be **GRANTED** in part, but only as it applies to Creditor Corona Investments LLC.

## BACKGROUND

On August 6, 2019, Debtor filed for bankruptcy. [Dkt. No. 1]. In the bankruptcy petition, Debtor lists the address of Creditor as 111 West Washington, #830, Chicago, IL 60602. On November 6, 2019, the Confirmation Order was entered confirming Debtor's amended Chapter 13 Plan (the "Confirmed Plan") [Dkt. No. 24]. Under the Confirmed Plan, payments of $50 per month are to be paid to Creditor, who is listed as holding a secured claim of $13,172 at an interest rate of 0%.

On February 12, 2020, Creditor filed the present Motion to Vacate. [Dkt. No. 34]. In the Motion to Vacate, Creditor asserts that Debtor has listed an incorrect address for Creditor.[1] Therefore, Creditor contends that it received neither notice of the bankruptcy nor notice of the confirmation proceedings (which were instead sent out to the wrong address). [*See* Dkt. Nos. 13 & 15]. Accordingly, Creditor argues that the Confirmation Order, which binds it, should be vacated under Federal Rule of Civil Procedure 60(b)(4) ("Rule 60(b)(4)")[2] as it is void due to a lack of due process.

In her Response, Debtor admits that notice was inadvertently given to Creditor at a previous address instead of Creditor's current address as she was not aware that Creditor moved. [Dkt. No. 37, at 1]. However, she argues, even though Creditor lacked notice, that Creditor's rights are nonetheless adequately protected in the Confirmed Plan and therefore it has no right to proceed

---

[1] Specifically, Creditor asserts that it has not used the listed address for the last five years. Rather, Creditor claims that its correct address is 120 N LaSalle Street, Suite 1160, Chicago, IL 60602.
[2] Federal Rule of Civil Procedure 60(b)(4) is made applicable to this bankruptcy case by Federal Rule of Bankruptcy Procedure 9024. FED. R. BANKR. P. 9024 ("Rule 60 F.R.Civ.P. applies in cases under the Code.").

1

with a due process argument, citing *In re LaMont*. 740 F.3d 397, 402, 410 (7th Cir. 2014). But, Debtor acknowledges that the Confirmed Plan's current treatment of Creditor's claim is insufficient.[3]

In its Reply, Creditor argues that while Debtor perhaps attempted to provide notice in good faith, even so, under the Code, notice sent to an incorrect address is not effective as to that creditor. *See* 11 U.S.C. § 342(g)(1) ("Notice provided to a creditor by the debtor or the court other than in accordance with this section (excluding this subsection) shall not be effective notice until such notice is brought to the attention of such creditor"). Creditor further argues that Debtor's reliance on *LaMont* is misplaced as the issue before the Seventh Circuit in that case was a motion for relief from stay and not a motion to vacate.

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer bankruptcy proceedings to a bankruptcy judge under 28 U.S.C. § 157 and 28 U.S.C. § 1334, and this proceeding was thereby referred here by Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L).

## DISCUSSION

### A. The Confirmation Order Is Vacated as to Creditor Corona Investments LLC Alone

Under the Bankruptcy Code, "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). The burden is placed on creditors to review the terms of proposed plans and object to confirmation as creditors are "not entitled to stick its head in the sand and pretend it would not lose any rights by not participating in the proceedings." *In re Harvey*, 213 F.3d 318, 322 (7th Cir. 2000) (quoting *In re Pence*, 905 F.2d 1107, 1109 (7th Cir. 1990)). "As a general rule, the failure to raise an objection at the confirmation hearing or to appeal from the order of confirmation should preclude attack on the plan or any provision therein as illegal in a subsequent proceeding." *Adair v. Sherman*, 230 F.3d 890, 894 (7th Cir. 2000) (quoting *In re Chappell*, 984 F.2d 775, 782 (7th Cir. 1993).

---

[3] The parties heavily dispute the proper value of Creditor's claim. This issue will be ruled on later when Debtor's Objection to Creditor's Claim is fully briefed. [*See* Dkt. No. 37]. Nonetheless, both parties are in agreement that Creditor's claim is not currently properly treated as the claim should be at least $14,372 and not $13,172 as presently provided for in the Confirmed Plan.

2

However, revocation of confirmation orders is allowed in certain limited instances. For example, Section 1330(a) allows creditors to seek revocation of an order of confirmation if the order of confirmation "was procured by fraud." 11 U.S.C. § 1330(a). Generally, this provision is enforced as a limitation on grounds for revocation. *See, e.g., Pence*, 905 F.2d at 1110 (creditor's challenge of the inflated valuation of property after the plan was confirmed was an improper collateral attack on the confirmation order). Nonetheless, confirmation orders can also be revoked on constitutional grounds, including violations of due process. *Reliable Elec. Co., Inc. v. Olson Constr. Co.*, 726 F.2d 620, 623 (10th Cir. 1984) ("A fundamental right guaranteed by the Constitution is the opportunity to be heard when a property interest is at stake . . .[w]e will not require [the creditor] to subject its claim to a confirmed reorganization plan that it had no opportunity to dispute."); *In re Erdmann*, 446 B.R. 861, 865 (Bankr. N.D. Ill. 2011) ("[A] confirmation order entered in violation of due process notice requirements is void and [Rule 60(b)(4)] is the proper vehicle to provide relief from such an order.").

Due process entitles a party of notice and an opportunity to be heard. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). As applied to a creditor in bankruptcy, this requires the creditor to have notice and an opportunity to be heard of an action that might be taken with respect to its claim. *Midway Motor Lodge v. Innkeepers' Telemanagement & Equip. Corp.*, 54 F.3d 406, 408 (7th Cir. 1995).

Here, Creditor was not provided with proper notice. Indeed, Debtor does not dispute that notice was not provided to Creditor's correct address. Therefore, because of the lack of notice, Creditor did not have an opportunity to dispute the proposed plan. As such, a violation of due process undoubtedly occurred. Accordingly, grounds exist for vacating the Confirmation Order as a creditor shall not be subjected to a deprivation of due process of law.

Debtor is incorrect that the Seventh Circuit's decision in *LaMont* rejects a due process argument as long as a creditor's rights are adequately protected in the plan. In that case, one issue in question was whether relief from the automatic stay could be granted due to improper notice. *LaMont*, 740 F.3d at 410. The argument that a creditor should not be bound by a plan due to inadequate notice of the bankruptcy and proposed plan was waived, both in the bankruptcy court and on appeal, and therefore not ruled on in *LaMont. Id.* Furthermore, as noted by the Seventh Circuit, a creditor must challenge the plan if he believes his claim was improperly treated for,

3

which the creditor in that case failed to do. *Id.* at 409, n.17, 18. Here, Creditor has properly challenged the plan on constitutional grounds.

Therefore, the Confirmation Order will be vacated as to Creditor alone and remains in full effect as to all other provisions of the plan. *See Piedmont Trust Bank v. Linkous (In re Linkous)*, 990 F.2d 160, 163 (4th Cir. 1993) (violation of a creditor's rights of due process is a sufficient ground for vacating the confirmation order as to that particular creditor); *Erdmann*, 446 B.R. at 866 ("[A] violation of due process only warrants the vacation of confirmation of the particular term of which the creditor did not have notice. The Code's policy toward finality in confirmation orders demands that the remaining provisions of the confirmation order stay in full force.").

The ruling on Debtor's Objection to Creditor's Claim will be decided later after the issue has been fully briefed in that proceeding.

## CONCLUSION

Accordingly, for the foregoing reasons, an order will be entered concurrently herewith **GRANTING** Creditor's Motion to Vacate but only to the extent provided herein.

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

Dated this \_\_\_ day of May 2020

MAY 05 2020

4